```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

E-P & ASSOCIATES, INC., ET               CIVIL ACTION
AL.

VERSUS                                   NO: 07-8670

ALLMERICA FINANCIAL, ET AL.              SECTION: "A" (4)
```

## ORDER AND REASONS

Before the Court is a **Motion for Partial Summary Judgment (Rec. Doc. 10)** filed by defendant The Hanover Insurance Co. ("Hanover"). Plaintiffs, E-P Associates, Inc. and Elyas Matian d/b/a P & A Gifts, oppose the motion. The motion, set for hearing on June 11, 2008, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is GRANTED.

## I. BACKGROUND

Plaintiffs filed this suit in state court for Katrina damages to commercial property located at 1021 St. Ferdinand Street in New Orleans. Plaintiffs named Allmerica Financial, Citizens Insurance, and Hanover Insurance Co. as defendants. Throughout the petition the defendants are referred to as "defendant" or "Hanover." Hanover removed the suit to this Court.

Hannover now moves for partial summary judgment on the claims against Allmerica and Citizens because Hanover contends

that neither of these parties issued a policy to Plaintiffs. Hanover admits that it issued the policy in question.  Further, Hanover moves for dismissal of the claims brought by Elyas Matian because he is not a named insured on the policy.

In opposition, Plaintiffs contend that the signatory page of the policy clearly indicates that Citizens joined together on the risk or at least creates an ambiguity as to this assertion. Plaintiffs also point out that the declarations page contains a logo on each page with the name of all three entities.  Finally, Plaintiffs point out that Judge Engelhardt recently denied a nearly identical motion in one of his cases.

## II.   DISCUSSION

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact."  TIG Ins. Co. v. Sedgwick James, 276 F.3d 754, 759 (5th Cir. 2002) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. (citing Anderson, 477 U.S. at 248).  The court must draw all justifiable inferences in favor of the non-moving party. Id.

(citing Anderson, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. Id. (citing Fed. R. Civ. P. 56(e); Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. Id. (citing SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1993)).

An insurance policy is a contract and, as with all other contracts, it constitutes the law between the parties. Pareti v. Sentry Indem. Co., 536 So. 2d 417, 420 (La. 1988) (citing Carney v. Am. Fire & Indem. Co., 371 So. 2d 815 (La. 1979)). Courts have no authority to alter the terms of policies under the guise of contractual interpretation when the policy provisions are couched in unambiguous language. Id. (citing Monteleone v. American Emp. Ins. Co., 120 So. 2d 70 (La. 1960); Edwards v. Life & Cas. Ins. Co., 29 So. 2d 50 (La. 1946)).

Hanover has submitted a copy of the declarations page along with its policy. The declarations page clearly and unambiguously states that coverage is provided in the Hanover Insurance Co.

(Def. Exh. A).  The logo at the top of the declarations page lists Allmerica Financial, Citizens Insurance, and Hanover.  According to Hanover, Citizens is a sister company that issues insurance only in Michigan and Allmerica is a holding company not an insurance company.  (Def. Exh. B).  The logo at the top of the declarations page does not create an ambiguity with respect to the otherwise clear statement regarding coverage in the declarations page.

Plaintiffs rely heavily on the signatory page to the policy which is signed by the president and secretary of both Hanover and Citizens.  (Pla. Exh. 1).  The logo at the top of this page is The Hanover Insurance Group.  This page appears to be a form page that would be appended to policies issued by Hanover and to policies issued by Citizens--both insurance companies within the Hanover Group.  The Hanover section of the signature block also includes Massachusetts Bay Insurance Co.  The Court does not agree with Plaintiffs' contention that this page, without more, suggests that Citizens also joined in the risk.  This is particularly true given that the declarations page clearly lists Hanover Insurance Company as the entity providing coverage.

Plaintiff Elyas Matian did not oppose the motion insofar as Hanover argues that he is not a named insured on the policy.  The Court notes that the declarations page clearly and unambiguously

states that the named insured on the policy is E-P & Associates, Inc. d/b/a P & A Gift.  (Def. Exh. A).  Elyas Matian is not listed in any capacity.  However, in this Court's docket sheet Matian is listed as "Elyas Matian doing business as P & A Gifts." And reviewing the petition it does not appear that Matian is attempting to assert any type of individual claim as an insured. Thus, it is unclear to the Court exactly which claims Hanover is attempting to dismiss.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Partial Summary Judgment (Rec. Doc. 10)** filed by defendant The Hanover Insurance Co. is **GRANTED IN PART AND DENIED IN PART**.  The motion is granted in that all claims against defendants Allmerica Financial and Citizens Insurance are dismissed.  The motion is denied in all other respects.

June 17, 2008

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

5